Filed 8/21/24  P. v. Binns CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>KEYRON LAMONT BINNS,<br><br>　　　Defendant and Appellant. | B335006<br><br>(Los Angeles County<br>Super. Ct. No. SA028021) |

　　　APPEAL from an order of the Superior Court of Los Angeles County, Mark S. Arnold, Judge.  Affirmed.

　　　Richard B. Lennon, under appointment by the Court of Appeal; Keyron Lamont Binns, in pro. per., for Defendant and Appellant.

　　　No appearance for Plaintiff and Respondent.

_____

Keyron Lamont Binns appeals from a postjudgment order denying his petition for resentencing under Penal Code former section 1170.95 (now section 1172.6).[1]  After reviewing the record, Binns's appointed appellate counsel did not identify any arguable issues.  Nor, after independently reviewing the record and the contentions presented by Binns in his 165-page supplemental brief, have we.  Therefore, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.   *The Attempted Murder and Binns's Convictions*

The evidence at trial established that Nichelle Shaw was sitting in her car in the drive-through line at a restaurant at 2:45 a.m. on January 27, 1997, when Binns, pointing a nine-millimeter handgun, and a confederate (who was never identified) approached, forced their way into the car, and drove off with Shaw inside.[2]  As they drove, Binns demanded all of Shaw's money and then insisted that Shaw take the men somewhere to get more money.  She complied and took them to her uncle's home.

The men entered the uncle's home with Shaw and held the occupants—Shaw's uncle, Malcolm Hardaway (Hardaway), her aunt, Odessa Hardaway, and three cousins—at gunpoint.  The men took jewelry and other property from the family members.  During the several hours the assailants remained in the

---

[1]      Further statutory references are to the Penal Code.

[2]      The summary of facts is taken from our opinion in *People v. Binns* (April 26, 2022, B301959) [nonpub. opn.].

residence, Binns struck Hardaway at least twice and sexually assaulted Shaw.

When Binns attempted to tie the victims with an extension cord, Hardaway, fearing he would be killed, attempted to escape through the front door. Both of the perpetrators followed Hardaway to the porch. A scuffle ensued. Odessa Hardaway was able to lock the men outside and called the police emergency number. During the altercation outside the doorway, Hardaway kicked Binns's gun to the curb and ran down the street. Binns yelled, "Smoke that fool," and Binns's confederate fired several shots at Hardaway but missed.

As the police officers approached with their patrol car's sirens sounding, Binns and his companion fled to another street, where they approached Francisco Franco at gunpoint, took Franco's car and wallet, and fled the area.

At the Hardaway residence, the police recovered Binns's jacket, which contained his driver's license. The victims identified Binns as one of the assailants based on the driver's license photograph.

In December 1997 a jury convicted Binns of two counts of carjacking (§ 215, subd. (a)), one count of kidnapping to commit robbery (§ 209, subd. (b)), four counts of first degree home invasion robbery (§ 211), one count of second degree robbery (§ 211), one count of sexual battery of a person who was unlawfully restrained (§ 243.4, subd. (a)), and one count of attempted willful, deliberate, and premeditated murder (§§ 187, subd. (a), 664). The jury found true the allegations that Binns personally used a firearm in the commission of the carjacking and four of the robberies but not the attempted murder. (§§ 1203.06, subd. (a)(1), 12022.5, subd. (a)(1).)

3

In a bifurcated proceeding, the trial court found Binns had suffered three prior serious or violent felony convictions within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12). We affirmed Binns's convictions but remanded for resentencing. (*People v. Binns* (Jan. 26, 1999, B119375) [nonpub. opn.].) On remand the court sentenced Binns to an aggregate indeterminate state prison term of 195 years to life. We affirmed the judgment. (*People v Binns* (Apr. 17, 2000, B130456) [nonpub. opn.].)

B.    *Binns's First Petition for Resentencing*

On August 5, 2019 Binns, representing himself, filed a petition for resentencing under former section 1170.95, filing both a multipage typed document with a supporting memorandum and the printed form petition used by many inmates. On the printed form Binns checked the boxes stating, "I could not now be convicted of 1st or 2nd degree murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019"; "I was not the actual killer," inserting "I was not the Shooter"; and "I was not a major participant in the felony or I did not act with reckless indifference to human life during the course of the crime or felony." He did not check the boxes stating he had been charged in a complaint, information, or indictment that would allow his prosecution under the natural and probable consequences doctrine, or that he had been convicted at trial under the natural and probable consequences doctrine, or the box declaring he had not aided or abetted the actual shooter with the intent to kill. In his supporting memorandum, Binns requested appointment of counsel.

4

The superior court, without appointing counsel, summarily denied Binns's petition. We affirmed the superior court's order denying Binns's petition. (See *People v. Binns* (April 26, 2022, B301959) [nonpub. opn.].) We concluded that any error in not appointing counsel was harmless, explaining that "[b]ased on the instructions given and the guilty verdict on attempted willful, deliberate and premeditated murder, the jury necessarily found that Binns, although not the shooter, was a direct aider and abettor who acted with express malice—that is, he knew his confederate intended to kill Hardaway when shooting at him and encouraged or aided that unlawful act with the intent of facilitating its commission. Malice was not imputed to Binns. As such, he was ineligible for resentencing relief as a matter of law, and his petition for resentencing was properly denied without issuance of an order to show cause." (*Ibid.*)

C.    *Binns's Second Petition for Resentencing*
On August 15, 2022 Binns, representing himself, filed a second form petition for resentencing pursuant to former section 1170.95. Binns checked the box indicating that he "could not presently be convicted of murder or attempted murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019," and he requested the appointment of counsel.

After Binns was appointed counsel, the People filed an opposition arguing that Binns was ineligible for relief because the petition was successive and procedurally barred by collateral estoppel. The People attached to their opposition a copy of this court's 2022 opinion affirming the denial of Binns's prior petition for resentencing. (*People v. Binns*, *supra*, B301959.) After counsel for Binns filed a reply, the superior court ordered the

5

Department of Corrections and Rehabilitation to make Binns available by video conference.

On November 29, 2023 Binns appeared by remote video conference.  Counsel for Binns was present in the courtroom, and the prosecutor appeared telephonically.  At the outset of the hearing, the superior court confirmed with Binns that he could hear the proceedings.  Binns's attorney argued that Binns had never been afforded an opportunity to present his position on an 1172.6 petition with counsel.  After hearing argument, the superior court stated it had read the entire court file and briefs filed by the parties.  The court denied the petition, explaining the jury was not instructed on the natural and probable consequences doctrine, and further, the jury found Binns guilty of attempted willful, deliberate, and premeditated murder, thereby finding Binns had the intent to kill.  In addition, the petition was "a repeat of the initial 1170.95 petition."  Binns was therefore ineligible for relief as a matter of law.

After the superior court denied the petition, Binns requested to be heard.  He addressed the court, but the sound quality was distorted, and the court reporter was unable to transcribe what he was saying.  The court requested that Binns's audio be muted, and Binns's attorney stated on Binns's behalf that Binns was arguing that at the preliminary hearing he was not held to answer for attempted murder, and instead, the magistrate found probable cause for assault with a deadly weapon.  The People then improperly re-alleged attempted murder in the information, and Binns was tried on that charge.  Counsel further argued the jury did not find true that Binns personally used a firearm in the commission of the attempted

6

murder, supporting Binns's argument that malice was imputed to him.  The court again denied the petition.  Binns timely appealed.

## DISCUSSION

We appointed counsel to represent Binns in his appeal from the superior court's order denying his petition.  After reviewing the record, appointed counsel did not identify any arguable issues.  On May 2, 2024 appointed counsel advised Binns that he was filing a brief stating he was unable to find any arguable issues, Binns could personally submit a supplemental brief raising any contentions he believed the court should consider, and this court would dismiss Binns's appeal if he did not file a supplemental brief.  Binns's counsel also stated in his declaration that he sent Binns "the transcripts of the record on appeal and a copy of this brief."

On July 8, 2024 we received a 165-page supplemental brief from Binns, including 146 pages of exhibits.  Binns argued he had the right to be personally present at the hearing on November 29, 2023, and his audio during the hearing was muted so he could not address the court.  Further, he contends, had he been present, he would have argued that the attempted murder charge was invalid because the magistrate did not hold him to answer for attempted murder at the preliminary hearing.  Binns also argued that his appellate counsel provided ineffective assistance in filing a brief raising no arguable issues.

A.     *Any Error in Binns Not Being Personally Present at the*
       *Prima Facie Review Hearing Was Harmless*

"A criminal defendant has the right under the state and federal Constitutions to be personally present and represented by

7

counsel at all critical stages of the trial.  For purposes of the right to be present, a critical stage is 'one in which a defendant's "'absence might frustrate the fairness of the proceedings' [citation], or 'whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge.'"'" (*People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 465; accord, *People v. Quan* (2023) 96 Cal.App.5th 524, 533 ["[t]he defendant's presence is required when the court must make fact-bound determinations as it exercises its sentencing discretion"].)

Sentencing and resentencing hearings, at which the court exercises its discretionary sentencing authority, are considered critical stages of the proceeding for which a defendant has a right to be present.  (See *People v. Doolin* (2009) 45 Cal.4th 390, 453; *People v. Simms* (2018) 23 Cal.App.5th 987, 996 [the right to be personally present "extends to sentencing and resentencing proceedings"].)  We are not aware of any published authority addressing whether a defendant must be personally present at the initial hearing to determine whether a defendant has made a prima facie case for relief under section 1172.6.  By contrast, once a prima facie showing is made, a defendant is entitled to personally attend the evidentiary hearing.  (See *People v. Quan, supra*,  96 Cal.App.5th at p. 534 ["[T]he defendant's right to be present at this critical hearing is based not just on the Sixth Amendment right to counsel; defendant's presence significantly contributes to the fairness of the hearing as a matter of due process."]; *People v. Basler* (2022) 80 Cal.App.5th 46, 59 ["Basler had state and federal constitutional rights to be personally present at his section 1170.95, subdivision (d) resentencing

8

hearing, or else provide a knowing, intelligent and voluntary waiver of those rights."].)

The Supreme Court in *People v. Lewis* (2021) 11 Cal.5th 952, 972-973, in the context of a defendant's right to counsel at the prima facie review stage, rejected the defendant's argument that "a trial court's 'consideration of the record of conviction in connection with a section [1172.6] petition is a "critical stage" of the criminal process' . . . . ¶ . . . .¶ At that point, the petitioner has not yet 'stated facts sufficient to satisfy the court that a hearing is required,' but merely endeavors to do so." Moreover, the court held that the failure of the superior court to appoint counsel for a defendant at the prima facie review stage was state law error reviewable for prejudice under *People v. Watson* (1956) 46 Cal.2d 818. (*Lewis*, at pp. 973-974 [petitioner must "'demonstrate there is a reasonable probability that in the absence of the error he . . . would have obtained a more favorable result.'"].)

To the extent Binns had a right to be present at the prima facie review hearing, any error was harmless because, as discussed, he was ineligible for relief as a matter of law. Moreover, Binns was present at the hearing, albeit on video conference, and he confirmed at the beginning of the hearing that he could hear the proceedings. Although his audio became distorted during the hearing, preventing the court reporter from transcribing his argument, Binns was represented by counsel, who was able to hear Binns and explain to the court the argument Binns was making. Binns's counsel also addressed the arguments made by Binns on appeal.[3]

---

[3] We do not reach Binns's argument in his supplemental brief that his attempted murder conviction violated the

9

B.  *The Filing of a No-issue Brief Does Not Demonstrate Ineffective Assistance of Appellate Counsel*

Shortly after we appointed counsel to represent Binns in this appeal, Binns filed a *Marsden* motion[4] seeking appointment of new counsel because "all [appointed counsel] has ever done in past proceedings was raise 'no' issue briefs." We denied Binns's request in a three-page order dated April 19, 2024, explaining "[t]here is no evidence that there is an irreconcilable conflict between Binns and his appointed counsel on appeal or that appointed counsel is not adequately representing Binns."

---

separation of powers doctrine because the charge was dismissed by the magistrate judge then refiled by the People. Section 1172.6 allows a defendant to petition for resentencing relief if three conditions are met, including that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (*Id.*, subd. (a)(3).) The ability to petition for relief does not allow a defendant to challenge a conviction long-since final based on a ground unrelated to the changes to section 188 or 189. (*People v. Burns* (2023) 95 Cal.App.5th 862, 865 ["Section 1172.6 does not create a right to a second appeal, and Burns cannot use it to resurrect a claim that should have been raised in his 2013 direct appeal."].) Moreover, "under Penal Code 739 the district attorney is not bound by the view of the committing magistrate; he is free to file an information charging the highest offense which any reasonable construction of the evidence adduced at the preliminary hearing admits." (*People v. McKee* (1968) 267 Cal.App.2d 509, 514; accord, *People v. Barba* (2012) 211 Cal.App.4th 214, 227-228.) We also do not reach whether the superior court correctly denied the petition as a successive petition raising the same issues as Binns's first petition.

4    *People v. Marsden* (1970) 2 Cal.3d 118.

10

In his supplemental brief Binns again argues that his attorney's filing of a no-issue brief constituted ineffective assistance of appellate counsel.  However, an appellate attorney is not ineffective for failing to make an argument that wholly lacks merit.  (See *People v. Solomon* (2010) 49 Cal.4th 792, 843, fn. 24 ["The Sixth Amendment does not require counsel to raise futile motions."]; *People v. Cudjo* (1993) 6 Cal.4th 585, 616 ["Because there was no sound legal basis for objection, counsel's failure to object to the admission of the evidence cannot establish ineffective assistance."].)  For the reasons discussed, counsel's assessment that Binns's contentions lacked any colorable merit was entirely correct.  Moreover, there is no constitutional right to counsel under section 1172.6, subdivision (c), and "the right to counsel at that point in the proceedings is purely statutory." (*People v. Delgadillo* (2022) 14 Cal.5th 216, 227.)

Because no cognizable legal issues have been raised by Binns's appellate counsel or Binns or identified in our independent review of the record, the order denying his petition for resentencing is affirmed.  (See *People v. Delgadillo, supra*, 14 Cal.5th 216 at pp. 231-232; see generally *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

11

## DISPOSITION

The order denying Binns's petition for resentencing is affirmed.


                              FEUER, J.

We concur:



    MARTINEZ, P. J.



    SEGAL, J.